UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────X
THE ANNUITY, PENSION, WELFARE, TRAINING AND
LABOR MANAGEMENT COOPERATION TRUST FUNDS
OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO, BY THEIR
TRUSTEES EDWIN L. CHRISTIAN, CHRISTOPHER T.
CONFREY, JOHN CRONIN, JOSEPH BYRNE, KENNETH      **COMPLAINT**
KLEMENS, JR., JOHN F. O'HARE, MICHAEL SALGO AND
WILLIAM TYSON and INTERNATIONAL UNION OF         CV-19-5137
OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO, BY
ITS BUSINESS MANAGER EDWIN L. CHRISTIAN,

                                     Plaintiffs,

      -against-

SKANSKA KOCH-KIEWIT, A JOINT VENTURE, SKANSKA
KOCH, INC. and KIEWIT INFRASTRUCTURE CO.,

                                     Defendants.
─────────────────────────────────────────X

      Plaintiffs THE ANNUITY, PENSION, WELFARE, TRAINING AND LABOR MANAGEMENT COOPERATION TRUST FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14 TRUST FUNDS") and Plaintiff INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14"), by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

      1.     This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 ("LMRA") to recover annuity, voluntary annuity, pension, welfare, training and labor management cooperation trust fund

contributions along with dues assessment and defense fund payments owed to a labor organization based upon the breach of the terms and conditions of a collective bargaining agreement by Defendants SKANSKA KOCH-KIEWIT, A JOINT VENTURE (the "JOINT VENTURE"), SKANSKA KOCH, INC. ("SKANSKA KOCH") and KIEWIT INFRASTRUCTURE CO. ("KIEWIT").

## JURISDICTION & VENUE

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14 are all administered from offices located at 159-18 Northern Boulevard in Flushing, County of Queens, State of New York.

## THE PARTIES

4. Plaintiffs LOCAL 14 TRUST FUNDS are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186.

5. Plaintiffs EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN CRONIN, JOSEPH BYRNE, KENNETH KLEMENS, JR., JOHN F. O'HARE, MICHAEL SALGO and WILLIAM TYSON are Trustees of Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Plaintiffs EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN CRONIN, JOSEPH BYRNE, KENNETH KLEMENS, JR., JOHN F. O'HARE, MICHAEL SALGO and WILLIAM TYSON are Trustees of Plaintiff LOCAL 14 LABOR MANAGEMENT COOPERATION TRUST FUND and are "fiduciaries" within the meaning of Section 501 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 501 and the common law of trusts.

7. Plaintiffs LOCAL 14 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

8. Plaintiffs LOCAL 14 WELFARE and TRAINING FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical and skill improvement benefits to eligible participants.

9. Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

10. Plaintiff LOCAL 14 LABOR MANAGEMENT COOPERATION TRUST FUND is a labor management cooperation trust fund as defined under the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 186(c)(9) and Section 501(c)(5) of the Internal Revenue Code.

11. Plaintiff LOCAL 14 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152.

12. Plaintiff EDWIN L. CHRISTIAN is the Business Manager and chief executive officer of Plaintiff LOCAL 14.

13. Upon information and belief, Defendant JOINT VENTURE was and still is a New York corporation with its principal place of business located at 75-20 Astoria Boulevard, Suite 200, East Elmhurst, New York.

14. Upon information and belief, Defendant JOINT VENTURE was and still is a foreign corporation duly licensed to do business in the State of New York.

15. Upon information and belief, Defendant JOINT VENTURE was and still is a foreign corporation doing business in the State of New York.

16. Upon information and belief, Defendant SKANSKA KOCH was and still is a New York corporation with its principal place of business located at 400 Roosevelt Avenue, Carteret, New Jersey.

17. Upon information and belief, Defendant SKANSKA KOCH was and still is a foreign corporation duly licensed to do business in the State of New York.

18. Upon information and belief, Defendant SKANSKA KOCH was and still is a foreign corporation doing business in the State of New York.

19. Upon information and belief, Defendant KIEWIT was and still is a New York corporation with its principal place of business located at 470 Chestnut Ridge Road, 2nd Floor, Woodcliff Lake, New Jersey.

20. Upon information and belief, Defendant KIEWIT was and still is a foreign corporation duly licensed to do business in the State of New York.

21. Upon information and belief, Defendant KIEWIT was and still is a foreign corporation doing business in the State of New York.

22. Upon information and belief, Defendants SKANSKA KOCH and KIEWIT entered into a Joint Venture Agreement whereby Defendant JOINT VENTURE was established for the purpose of undertaking certain economic activity in the New York City heavy construction industry.

23. Upon information and belief, Defendants SKANSKA KOCH and KIEWIT are equal partners in the Joint Venture.

24. Upon information and belief, Defendant SKANSKA KOCH is the managing partner of Defendant JOINT VENTURE and primarily responsible for the supervision over the performance of the construction project contracts obtained through the Joint Venture, providing for project personnel, maintaining bank accounts and accounting records, obtaining bonding and insurance, and paying wages and fringe benefit contributions.

25. Upon information and belief, Defendants SKANSKA KOCH and KIEWIT are jointly and severally liable for the activities of Defendant JOINT VENTURE.

26. Upon information and belief, Defendants JOINT VENTURE, SKANSKA KOCH and KIEWIT are employers within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## BACKGROUND INFORMATION

27. At all times relevant hereto, Plaintiff LOCAL 14 and Defendant JOINT VENTURE have been parties to a collective bargaining agreement entitled the "G.C.A. - Heavy Construction, Excavation, Dockbuilding and Foundation Work, Building Foundation Work,

Paving and Road Building Work, Utility Work, Tunnel Work - Operating Engineers Locals 14-14B & 15-15A" due to said Defendant's status as a member of the General Contractors Association of New York, Inc. (hereafter referred to as the "Collective Bargaining Agreement") and said Defendant has agreed to be bound by the terms and conditions thereof.

28. Pursuant to the terms of the Collective Bargaining Agreement, Defendant JOINT VENTURE is obligated to remit, at specified rates, annuity, voluntary annuity, pension, welfare, training and labor management cooperation trust fund contributions along with dues assessment and defense fund payments based upon each regular or straight and double time hour of work performed by those employees covered by the Collective Bargaining Agreement.

29. Pursuant to the terms of the Collective Bargaining Agreement, all such contributions and payments as identified in paragraph 28, above, are required to be remitted though the purchase of stamps from the Fund Office for Plaintiffs LOCAL 14 TRUST FUNDS.

<b>AS AND FOR A FIRST CAUSE OF ACTION<br>
<u>(BREACH OF COLLECTIVE BARGAINING AGREEMENT)</u></b>

30. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 29 inclusive with the same force and effect as though more fully set forth at length herein.

31. In accordance with the Collective Bargaining Agreement and the Trust Agreements establishing Plaintiffs LOCAL 14 TRUST FUNDS, Defendant JOINT VENTURE consented to the performance of an audit of its books and records to determine whether said Defendant had made all of the required contribution payments to Plaintiffs LOCAL 14 TRUST

FUNDS and Plaintiff LOCAL 14 in accordance with the Collective Bargaining Agreement for the period of March 1, 2016 through October 31, 2018.

32. That on or about August 13, 2019, the results of said audit were detailed by the auditor for Plaintiffs which determined that Defendant JOINT VENTURE had failed to provide the contractually required annuity, voluntary annuity, pension, welfare and training contributions with interest, labor management cooperation trust fund contributions, dues assessment and defense fund payments for the period of March 1, 2016 through October 31, 2018 in the amount of $6,773.04.

33. Defendant JOINT VENTURE has failed to pay any portion of the outstanding amount owed in annuity, voluntary annuity, pension, welfare and training contributions with interest totaling $6,382.44.

34. Defendant JOINT VENTURE has failed to pay any portion of the outstanding amount owed in dues assessment, defense fund and labor management cooperation trust fund payments totaling $390.60.

35. Upon information and belief, Defendants SKANSKA KOCH and KIEWIT, in their capacities as the members of the Joint Venture are liable for the failure of Defendant JOINT VENTURE to provide the contractually required annuity, voluntary annuity, pension, welfare and training contributions with interest, along with the required labor management cooperation trust fund, dues assessment and defense fund payments for the period of March 1, 2016 through October 31, 2018 in the amount of $6,773.04

36. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendants JOINT VENTURE, SKANSKA

KOCH and KIEWIT, said Defendants are jointly and severally liable to Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14, collectively, in the amount of $6,773.04.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF ERISA OBLIGATIONS)

37. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 36 inclusive with the same force and effect as though more fully set forth at length herein.

38. The failure of Defendant JOINT VENTURE to make the required annuity, voluntary annuity, pension, welfare and training contribution payments with interest to Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS for the period audited of March 1, 2016 through October 31, 2018 in the amount of $6,382.44 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

39. Upon information and belief, Defendants SKANSKA KOCH and KIEWIT in their capacities as the members of the Joint Venture are liable for the failure of Defendant JOINT VENTURE to remit payment of the required annuity, voluntary annuity, pension, welfare and training contributions with interest in the amount of $6,382.44 for the period audited of March 1, 2016 through October 31, 2018 pursuant to Section 515 of ERISA, 29 U.S.C. § 1145.

40. Defendants JOINT VENTURE, SKANSKA KOCH and KIEWIT remain delinquent in making the proper contribution payments and have failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS as detailed above.

41.     Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; (e) auditor's fees, if any; and (f) the costs and disbursements of the action.

42.     Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendants JOINT VENTURE, SKANSKA KOCH and KIEWIT and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, said Defendants are jointly and severally liable to Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS in the amount of $6,382.44, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees as well as the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14 demand judgment on the First Cause of Action as against Defendants SKANSKA KOCH-KIEWIT, A JOINT VENTURE, SKANSKA KOCH, INC. and KIEWIT INFRASTRUCTURE CO., jointly and severally, in the amount of annuity, voluntary annuity, pension, welfare and training contributions with interest along with labor management cooperation trust fund contributions, dues assessment and defense fund payments due and owing totaling $6,773.04, together with prejudgment interest thereon.

**WHEREFORE**, Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS demand judgment on the Second Cause of Action as against Defendants SKANSKA KOCH-KIEWIT, A JOINT VENTURE, SKANSKA KOCH, INC. and KIEWIT INFRASTRUCTURE CO., jointly and severally, in the amount of annuity, voluntary annuity, pension, welfare and training contributions with interest due and owing in the amount of $6,382.44, together with:

1. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

2. Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

3. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

4. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
       September 10, 2019

                                              Respectfully submitted,

                                              BRADY McGUIRE & STEINBERG, P.C.

By:   */s/ James M. Steinberg*
          _____
          James M. Steinberg, Esq.
          Attorneys for Plaintiffs *I.U.O.E. Local 14-14B Trust Funds* and Plaintiff *I.U.O.E. Local 14-14B*
          303 South Broadway, Suite 234
          Tarrytown, New York 10591
          (914) 478-4293